NIGHT BOX
FILED

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

OCT 22 1997

CARLOS JUENKE
CLERK, USDC / SDFL / MIA

97-3374

VITOL, S.A.,
a Swiss corporation,

CASE NO. _____

    Plaintiff,

**CIV-MOORE**

MAGISTRATE JUDGE
DUBÉ

v.

JOSE TRINIDAD MARQUEZ,

    Defendant.

_____/

## NOTICE OF REMOVAL

    Defendant, JOSE TRINIDAD MARQUEZ ("Defendant"), files this notice of removal of an action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, to the United States District Court, Southern District of Florida, Miami Division, being the district and division in which the action is pending, and states as follows:

    1.    Plaintiff, VITOL, S.A. ("Plaintiff"), commenced this action against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in a case styled <u>Vitol, S.A. v. Jose Trinidad Marquez</u>, Case No. 97-22872 CA 11.

    2.    All process, pleadings, and orders, as well as all pending motions which have been filed in this case, are attached to this Notice of Removal.

    3.    This action was commenced on or about October 8, 1997, when Plaintiff filed its complaint herein against Defendant. On the same date, October 8, 1997, Plaintiff attempted constructive service by serving an individual other than Defendant. Defendant has contested personal jurisdiction through a motion to dismiss. Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed

this Notice of Removal within thirty (30) days from the date Defendant first received notice of the action, through service or otherwise.

4.      This Court has original jurisdiction of the action pursuant to the provisions of 28 U.S.C. § 1332, and the action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5.      With respect to the amount in controversy, the complaint seeks damages in the amount of $3,750,000.00 from Defendant.  (Compl. ¶ 14.)

6.      With respect to the parties' citizenship, Plaintiff is and has been from the commencement of this action through the date of this removal and at all other times material hereto, a citizen and resident of Switzerland, being a corporation formed and existing under the laws of Switzerland and with its principal place of business in Switzerland.  Plaintiff does not have a principal place of business in this jurisdiction or in the United States.

7.      Defendant is and has been from the commencement of this action through the date of this removal and at all other times material hereto, a citizen and resident of the State of Texas for diversity purposes pursuant to 28 U.S.C. § 1332(a), being a Venezuelan national admitted to the United States for permanent residence and domiciled in the State of Texas.

WHEREFORE, Defendant, JOSE TRINIDAD MARQUEZ, prays that the above

action be removed from the Circuit Court for the Eleventh Judicial Circuit in and for Dade County,

Florida, to the United States District Court for the Southern District of Florida.

DATED this 20 day of October, 1997.

> SHUTTS & BOWEN LLP
> Attorneys for Defendant
> 201 S. Biscayne Boulevard
> 1500 Miami Center
> Miami, Florida 33131
> (305) 358-6300
> (305) 381-9982 Facsimile

By: _____
Maxine M. Long
Florida Bar No. 286842
René J. González-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

mail this 22 day of October, 1997 to George P. Ord, Esq., George P. Ord, P.A., 340 Royal Palm

Way, Suite 100, Palm Beach, Florida 33480, and to Kurt E. Bosshardt, Esq., Alley, Maass, Rogers

& Lindsay, P.A., 1600 SE 17th Street, Suite 404, Fort Lauderdale, FL 33146.

_____
OF COUNSEL

MIA95 173833.1 - RGL

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

CASE NO.

VITOL, S.A., a Swiss
corporation,

      Plaintiff,

v.

JOSE' TRINIDAD MARQUEZ,

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint and Motion for Writ of Attachment in the above-styled cause upon Jose' Trinidad Marquez by serving him at **Monte's Marina, 2560 South Bayshore Drive, Coconut Grove, Florida 33133.**

      Each Defendant is hereby required to serve written defenses to said Complaint on GEORGE P. ORD, ESQUIRE, Plaintiff's attorney, whose address is 340 Royal Palm Way, Palm Beach, Florida 33480, within 20 days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint.

      WITNESS MY HAND AND SEAL OF SAID COURT.

      DATED this _____ day of October, 1997.

      OCT – 8 1997      CLERK OF THE CIRCUIT COURT

      By:____HATTIE STREETER_____
            Deputy Clerk

vitolsum

1

550613
1088608
52159

## SUMMONS

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecretie au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

George P. Ord, Esquire
Plaintiff's Attorney
340 Royal Palm Way, Suite 100
Palm Beach, FL 33480
Fla. Bar No: 177805

FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor
supplement the filing and service of pleadings or other papers as required by
law.   This form is required for the use of the Clerk of Court for the purpose
of reporting judicial workload data pursuant to Florida Statutes 25.075.

I.   CASE STYLE

                        (Name of Court)  Circuit/Dade

                                                              97-22872 CA11

Plaintiff   VITOL, S.A., a Swiss              Case #: _____

            corporation                       Judge: _____

vs.

Defendant   Jose' Trinidad Marquez

                                              ORIGINAL
                                              FILED
            _____                 OCT 07 1997
            _____                 HARVEY RUVIN

II.   TYPE OF CASE        (Place an x on one line only.  If the case fits more than
                          one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| __ Simplified dissolution | __ Professional | x Contracts |
| __ Dissolution | Malpractice | __ Condominium |
| __ Support--IV-D | __ Products liability | __ Real property |
| __ Support--Non IV-D | __ Auto negligence | /Mortgage |
| __ URESA--IV-D | __ Other negligence | foreclosure |
| __ Domestic violence | | __ Eminent domain |
| __ Other domestic relations | | __ Other |

III.   IS JURY TRIAL DEMANDED IN COMPLAINT?

            x  YES
            _  NO

Date: __October 7, 1997__      Signature of Attorney for
                               Party Initiating Action:  George P. Ord
                                                         Fla. Bar No. 177808

Cover

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT OF FLORIDA, IN AND
FOR DADE COUNTY 97-22872 CA11

VITOL, S.A., a Swiss
corporation,
        Plaintiff,

CASE NUMBER _____

v,

JOSE' TRINIDAD MARQUEZ,
        Defendant.
_____/

## COMPLAINT

Plaintiff sues defendant and states:

1.    This is an action for damages in an amount in excess of $15,000.

2.    Plaintiff is a Swiss Corporation.

3.    Defendant is a Venezuelan national temporarily present in Dade County.

4.    Between March of 1996 and June.of 1996 Defendant represented to Plaintiff that Defendant could negotiate a contract between Plaintiff and Petroleos de Venezuela, S. A. (hereinafter "PDVSA"), an oil company domiciled in Caracas, Venezuela, for the long term sale/purchase of 120,000 barrels per day of crude oil.

5.    As a result of such representation, plaintiff commenced what it thought were negotiations with PDVSA for such a contract.

6.    During such negotiations, Defendant presented certain persons to Plaintiff and represented those persons to be agents of PDVSA authorized to negotiate and enter into such a contract on behalf of PDVSA.

7.    During such negotiations Defendant presented to Plaintiff certain documents concerning the prospective contract which were represented by Defendant to have been executed by persons

authorized on behalf of PDVSA to negotiate such a contract.

8.    Plaintiff relied on the documents presented to Plaintiff by Defendant, relied on Defendant's representations concerning the persons represented to Plaintiff to be agents of PDVSA and negotiated the terms of a contract with such persons.

9.    On or about May 31, 1996 Plaintiff executed a document presented to Plaintiff by Defendant, which Defendant represented to Plaintiff was a contract with PDVSA for the sale/purchase of crude oil.

10.   In return for Defendant's services in procuring the contract between Plaintiff and PDVSA, Plaintiff agreed to pay to Defendant a commission in the amount of $5,000,000 in two installments. The first installment of $3.75 million was to be paid on the signing of the contract. The second installment was to be paid upon the first delivery of oil.

11.   On June 5, 1996 Plaintiff wired the sum of $3,750,000 to Defendant's account #53979 OAK at the Bank J. Vontobel & Co. AG, Zurich.

12.   Subsequent to the wiring of the commission installment, Plaintiff discovered that the persons described in paragraphs 6 & 8 were impostors and the documents described in paragraphs 7 & 8 were forgeries and that the contract described in paragraph 9 was a forgery and a fraud.

13.   Defendant has acknowledged the fraud committed upon Plaintiff by Defendant and, on or about November 5, 1996 presented Plaintiff with a purported order directed to the Bank J. Vontobel & Co. AG to transfer the sum of $3.75 million dollars to Plaintiff. Such transfer never occurred, the order either having been revoked by Defendant or having been a forgery.

14.   Defendant owes Plaintiff the sum of $3,750,000 plus interest.

WHEREFORE Plaintiff demands judgment for damages.

10/20/1997  15:06   95   7644                    ALLEY MAASS E ...e

## VERIFICATION

STATE OF TEXAS           )
                         ) SS   OCTOBER 6, 1997   HOUSTON, TX
COUNTY OF HARRIS         )

BEFORE ME, the undersigned authority, personally appeared Neil Kelley, who was duly sworn and said that he is the Managing Director of Plaintiff in the above-styled cause, that he has read the foregoing Complaint and is familiar with its contents, which are true to the best of his information and belief.



_____
NEIL KELLEY, Managing Director

SWORN TO and subscribed before me this 6th day of Oct., 1997, by Neil Kelley as Managing Director of Vitol, S.A.

```
KAREN ENER
NOTARY PUBLIC
State of Texas
Comm. Exp. 12-17-2000
```

_____
Notary Public

Karen Ener
_____
(Print, Typed or Stamped Commissioned Name of Notary Public)

Personally Known  X  OR Produced Identification
Type of Identification Produced_____

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
1600 SE 17th Street, Suite 404
Ft. Lauderdale, FL 33316
By: KURT E. BOSSHARDT
       Fla. Bar No. 611557

and

GEORGE P. ORD, P.A.
340 Royal Palm Way, Suite 100
Palm Beach, FL 33480

By: _____
       George P. Ord
       Fla. Bar No. 177808

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT OF FLORIDA, IN AND
FOR DADE COUNTY

VITOL, S.A., a Swiss
corporation,
        Plaintiff,

CASE NUMBER

**97-22872** CA 11

v,

JOSE' TRINIDAD MARQUEZ,
        Defendant.

_____/

## MOTION FOR WRIT OF ATTACHMENT

Plaintiff moves for a writ of attachment against the 63' Viking motor vessel, serial number

720866, named "Marquesita", owned by Defendant and would show:

1.     Plaintiff has filed a verified complaint against Defendant.

2.     Defendant is indebted to Plaintiff in the amount of $3,750,000 which debt is now due.

3.     Defendant owns the 63' Viking motor vessel, serial number 720866, named "Marquesita"

4.     The vessel is now located at Monte's Marina, 2560 South Bayshore Drive, Coconut

Grove, Florida 33133.

5.     Defendant is a Venezuelan national and resides out of the state of Florida. It is believed

that Defendant is about to remove himself out of the limits of this judicial circuit.

6.     Defendant has concealed himself from Plaintiff in an effort to avoid suit and payment of

the debt.

7.     Defendant will fraudulently part with the motor vessel before judgment can be obtained

against him.

8.     Defendant does not have assets in this state, other than the vessel, which could be levied

upon to satisfy a judgment in favor of Plaintiff.

9.     The value of the vessel does not exceed $500,000.

## VERIFICATION

STATE OF TEXAS          )
                        ) SS    OCTOBER 6, 1997   HOUSTON, TX
COUNTY OF HARRIS        )

      BEFORE ME, the undersigned authority, personally appeared Neil Kelley  who was duly

sworn and said that he is the Managing Director of Plaintiff in the above-styled cause, that he has

read the foregoing Motion, is familiar with its contents, and has reason to believe that the

grounds stated therein are true.



_____
NEIL KELLEY, Managing Director

      SWORN TO and subscribed before me this  6th  day of  Oct .  , 1997, by Neil Kelley

as Managing Director of Vitol, S.A.

```
★ KAREN ENER
  NOTARY PUBLIC
  State of Texas
  Comm. Exp. 12-17-2000
```

_____
Notary Public

Karen Ener
_____
(Print, Typed or Stamped Commissioned Name of Notary Public)

Personally Known ___/___ OR Produced Identification
Type of Identification Produced_____

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
1600 SE 17th Street, Suite 404
Ft. Lauderdale, FL 33316
By: KURT E. BOSSHARDT
    Fla. Bar No. 611557
and
GEORGE P. ORD, P.A.
340 Royal Palm Way, Suite 100
Palm Beach, FL 33480

By:_____
    George P. Ord
    Fla. Bar No. 177808

10/06/1997  15:43    9547617644          ALLEY MAASS RC...TRE

## POWER OF ATTORNEY             07-22872 CA11

VITOL, S.A. (the "Corporation") hereby appoints the following individual:

R.W. Crotzer

as its attorney-in-fact for the sole purpose of executing and delivering, on behalf of the Corporation, an attachment bond in the amount of $1,000,000 conditioned to pay all costs and damages that Jose Trinidad Marquez may sustain as a consequence of any improper suing out of an attachment in the case of Vitol, S.A. v. Jose Trinidad Marquez in the Circuit Court of the Eleventh Judicial Circuit of Florida..

Dated: _____

VITOL, S.A.

By: _____
Neil Kelley
Managing Director

STATE OF __TEXAS__          )
                             ) SS:  OCTOBER 6, 1997   HOUSTON, TX
COUNTY OF __HARRIS__         )

The foregoing was acknowledged before me this 6th day of Oct., 19 97, by Vitol S.A._____, a Swiss corporation, on behalf of the corporation. He is personally known to me.

_____
Signature of Person Taking
Acknowledgment

KAREN ENER
NOTARY PUBLIC
State of Texas
Comm. Exp. 12-17-2000

Karen Ener
Name typed, printed or stamped
Title: Notary
Serial Number: _____

THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

CASE NO. _____

_____
_____

VITOL, S.A., a Swiss
corporation,

                **Plaintiff,**

vs.

JOSE TRINIDAD MARQUEZ,

                **Defendant.**

_____

97-22872 CA 11

SURETY BOND NO. S-600-2003

## ATTACHMENT BOND

We, Vitol, S.A., as principal and WASHINGTON INTERNATIONAL INSURANCE CO., as surety, are bound to Jose Trinidad Marquez in the sum of $1,000,000.00 for the payment of which we bind ourselves, our heirs, personal representatives, successors and assigns, jointly and severally.

THE CONDITION OF THIS BOND is that if Plaintiff pays all costs and damages that Defendant sustains in consequences of Plaintiff improperly suing out the attachment, then this bond is void; otherwise it remains in force.

SIGNED AND SEALED on October __6TH__ , 1997.

            VITOL, S.A.

           _____
           **as Principal**

           WASHINGTON INTERNATIONAL INSURANCE CO.

           BY: _____
           John Charlton as Attorney-in-Fact AND RESIDENT FLORIDA AGENT
           **as Surety**

Approved on _____ , 1997
HARVEY RUVIN
as Clerk of the Court

BY: _____
     **as Deputy Clerk**

# WASHINGTON INTERNATIONAL INSURANCE COMPANY
## POWER OF ATTORNEY

KNOW ALL BY THESE PRESENTS:  That the Washington International Insurance Company, a corporation organized and existing under the laws of the State of Arizona, and having its principal office in the Village of Itasca, Illinois does hereby constitute and appoint

### JOHN W. CHARLTON AND D.W. MATSON,III BOTH OF MIAMI, FLORIDA
### EACH IN THEIR SEPARATE CAPACITY

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required, or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said Washington International Insurance Company as fully and amply, to all intents and purposes, as if the same has been duly executed and acknowledged by its President and its principal office.

This Power of Attorney shall be limited in amount to $3,500,000.00 for any single obligation.

This Power of Attorney is issued pursuant to authority granted by the resolutions of the Board of Directors adopted March 22, 1978, July 3, 1980 and October 21, 1986 which read, in part, as follows:

1.     The Chairman of the Board, President, Vice President, Assistant Secretary, Treasurer and Secretary may designate Attorneys-in-Fact, and authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds, and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, and to appoint Special Attorneys-in-Fact, who are hereby authorized to certify copies of any power-of-attorney issued in pursuant to this section and/or any of the By-Laws of the Company, and to remove, at any time, any such Attorney-in-Fact or Special Attorney-in-Fact and revoke the authority given him.

2.     The signatures of the Chairman of the Board, the President, Vice President, Assistant Secretary, Treasurer and Secretary, and the corporate seal of the Company, may be affixed to any Power of Attorney, certificate, bond or undertaking relating thereto, by facsimile. Any such Power of Attorney, certificate bond or undertaking bearing such facsimile signature or facsimile seal affixed in the ordinary course of business shall be valid and binding upon the Company.

IN TESTIMONY WHEREOF, the Washington International Insurance Company has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 23rd day of May, 1997.

WASHINGTON INTERNATIONAL INSURANCE COMPANY

Steven P. Anderson, Vice-President

STATE OF ILLINOIS)
COUNTY OF COOK)

On this 23rd day of May, 1997, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the Washington International Insurance Company; that the seal affixed to said instrument is the Corporate Seal of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, the day and year first above written.

"OFFICIAL SEAL"
MICHELLE HOWERTON
Notary Public, State of Illinois
My Commission Expires 09/07/99

Michelle Howerton, Notary Public
My Commission Expires September 7, 1999

CERTIFICATE

STATE OF ILLINOIS)
COUNTY OF COOK)

I, the undersigned, Vice-President of WASHINGTON INTERNATIONAL INSURANCE COMPANY, an ARIZONA Corporation, DO HEREBY CERTIFY that the foregoing and attached POWER OF ATTORNEY remains in full force and has not been revoked, and furthermore that Article III, Section 5 of the By-Laws of the Corporation, and the Resolution of the Board of Directors, set forth in the Power of Attorney, are now in force.

Signed and sealed in the County of Cook. Dated the  6TH  day of    OCTOBER    , 19 97  .

James A. Carpenter, Vice- President

JUDICIAL CIRCUIT OF FLORIDA, IN AND
FOR DADE COUNTY

CASE NO. 97-22872-CA11

VITOL, S.A., a Swiss
corporation,

        Plaintiff,

v,

JOSE' TRINIDAD MARQUEZ,
        Defendant.

_____/

## ORDER

THIS CAUSE having come before the Court on Plaintiff's Motion for Writ of Attachment, and the Court having reviewed the Motion, the Verified Complaint, the Attachment Bond in the amount of $1,000,000.00 and considered representations of counsel for Plaintiff, the Court finds as follows:

1.    The Plaintiff has adequately stated a claim for an amount due in support of the Motion, and filed a bond with the Clerk of the Court for an amount of twice the value of the asset being attached;

2.    The Plaintiff has reason to believe of the existence of one or more of the special grounds set forth in F.S. §76.04;

3.    Notice to the Defendant is unnecessary in that it would obviate the purpose of Chapter 76, Florida Statutes;

4.    Plaintiff has made arrangements with National Liquidators, Inc., to care for the vessel during the pendency of this action and until further order of the Court;

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

a copy of the Verified Complaint, Motion and Writ, where upon it is

ORDERED AND ADJUDGED that the Writ of Attachment may issue forth with, and be served by the Sheriff immediately upon execution of this Order, and that the Vessel upon being attached be delivered to National Liquidators, Inc., to serve as the Court appointed receiver until further order of this Court.

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida this 8 day of October, 1997.

Circuit Court Judge

Copies furnished:

Kurt E. Bosshardt, Esquire
Sheriff of Dade County (to be delivered by Plaintiff) **(2 Certified Copies)**

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct of the original on file in this office. OCT 0 8 1997
HARVEY RUVIN, CLERK, of Circuit and County Courts
Deputy Clerk
7595

KURT E. BOSSHARDT, ESQ.
1600 S.E. 17 ST. SUITE 404
954-767.8215

2

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT OF FLORIDA, IN AND
FOR DADE COUNTY

VITOL, S.A., a Swiss
corporation,

       Plaintiff,

v,

JOSE' TRINIDAD MARQUEZ,
       Defendant.

SERVED  97-22872-CA-11
DATE 10-08-97
TIME 6:40p
SHERIFF DADE COUNTY, FLORIDA
BY ___ D.S.
BADGE No. 3383

## WRIT OF ATTACHMENT

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to attach and take into custody so much of the vessels, etc lands, tenements,

goods and chattels of Defendant, Jose' Trinidad Marquez, as is sufficient to satisfy the sum of Five

Hundred Thousand Dollars ($500,000.00) and costs, particularly the vessel with Cayman Island registry 720866, Marquesita, to be turned over to National Liquidators, Inc.

ORDERED in Miami, Dade County, Florida, this 8 day of Oct., 1997.

_Celeste de Los Muri_
Circuit Court Judge
for Judge Bernard Shapiro

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true copy of the
original on file in this matter 10.08. 97
HARVEY RUVIN, CLERK, of Circuit and County Courts
Deputy Clerk _____

DEFENDANT'S ADDRESS
ON BOAT

FILED BY
NAME KURT E. BOSSHARDT, ESQ.
ADDRESS 1600 S.E. 17 ST. SUITE 404

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 97-22872 CA 11

VITOL, S.A.,
a Swiss corporation,

     Plaintiff,

v.

JOSE TRINIDAD MARQUEZ,

     Defendant.

_____/

THE ORIGINAL FILED
ON OCT 16 1997
IN THE OFFICE OF
CIRCUIT COURT DADE CO., FL.

## NOTICE OF FILING AFFIDAVIT OF JOSE TRINIDAD MARQUEZ

Defendant, JOSE TRINIDAD MARQUEZ, by and through undersigned counsel, files the

attached Affidavit in support of his Motion to Dismiss Complaint.

     Respectfully submitted,

     SHUTTS & BOWEN LLP
     Attorneys for Marquez
     201 S. Biscayne Boulevard
     1500 Miami Center
     Miami, Florida 33131
     (305) 358-6300
     (305) 381-9982 Facsimile

     By: _____
     Maxine M. Long
     Florida Bar No. 280042

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the NOTICE OF FILING AFFIDAVIT OF JOSE TRINIDAD MARQUEZ was faxed and mailed this _15_ day of October, 1997 to George P. Ord, Esq., George P. Ord, P.A., 340 Royal Palm Way, Suite 100, Palm Beach, Florida 33480, and to Kurt E. Bosshardt, Esq., Alley, Maass, Rogers & Lindsay, P.A., 1600 SE 17th Street, Suite 404, Fort Lauderdale, FL 33146

Of Counsel

MIA95 172419.1 - GXD

2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 97-22872 CA 11

VITOL, S.A., a Swiss corporation,

        Plaintiff,

v.

JOSE TRINIDAD MARQUEZ,

        Defendant.

_____/

## AFFIDAVIT OF JOSE TRINIDAD MARQUEZ

STATE OF FLORIDA      )
                       ) SS:
COUNTY OF DADE      )

      BEFORE ME, the undersigned authority, personally appeared JOSE TRINIDAD MARQUEZ, who being duly sworn, deposes and says:

    1.    I am a Venezuelan Citizen. I am over 18 years of age, am in all ways competent to make this Affidavit, and make this Affidavit from personal knowledge.

    2.    I am a permanent resident of the United States, residing in Houston, Texas.

    3.    I do not reside in Florida.

    4.    I do not maintain a residence in Florida.

    5.    I do not own, use, possess or hold a mortgage or other lien on any real property in Florida.

    6.    I do not own any personal property in Florida.

7.   I have no assets in Florida.

8.   I do not operate, conduct, engage in, or carry on a business or business venture in Florida, and have no office or agent in Florida.

9.   I am not engaged in any substantial business activity in Florida whether interstate, intrastate or otherwise.

10.   I am not engaged in any solicitation and procurement of business within Florida.

11.   I do not own a 63' Viking motor vessel, serial number 720866, named "La Marquesita" (the "Vessel").

12.   The Vessel is wholly owned by LA MARQUESITA, LTD. ("LML"), a British Virgin Islands corporation.

FURTHER AFFIANT SAYETH NAUGHT,

_____
JOSE TRINIDAD MARQUEZ,

SWORN TO AND SUBSCRIBED before me this _10_ day of October 1997.

_____
NOTARY PUBLIC

GEMA M. GOMEZ
_____
Printed Name of Notary

OFFICIAL NOTARY SEAL
GEMA M GOMEZ
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC514221
MY COMMISSION EXP. DEC. 23,1999

____ Personally known to me, or
_X_ Produced I.D. TX. Dr. Lic # 12326089
      (Type and number of I.D.)

MIA95 171375.1 - RGL

-2-

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN  AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  97-22872 CA 11

VITOL, S.A.,
a Swiss corporation,

     Plaintiff,

v.

JOSE TRINIDAD MARQUEZ,

     Defendant.

_____/



## DEFENDANT'S MOTION TO DISMISS VERIFIED COMPLAINT

Defendant, JOSE TRINIDAD MARQUEZ ("Marquez"), appears specially,  by and

through undersigned counsel,  and pursuant to Fla. R. Civ. P. 1.110, 1.120(b), 1,130,

1.140,(b)(1), (b)(2), (b)(5), and (b)(6), moves the Court for an Order dismissing the Verified

Complaint of Plaintiff Vitol, S.A. ("Vitol"), and states as follows:

### I.  THE COURT LACKS PERSONAL AND SUBJECT MATTER JURISDICTION.

1.    Marquez is a Texas resident who does *not* reside in Florida.[1] (Marquez Aff.

¶ 2.)

2.    Vitol's complaint alleges only that Marquez is "a Venezuelan national

*temporarily present* in Dade County." Compl., ¶ 2 (emphasis added).

_____

[1] Mr. Marquez's affidavit is filed concurrently herewith.

3.      Marquez lacks any contacts with Florida that would support this Court's personal jurisdiction over him under the Florida "long arm" statute, Fla. Stat. § 48.193(1995):

- Marquez does not reside or maintain a residence in Florida.  (Marquez Aff. ¶¶ 3,4.)

- Marquez does not own, use, possess or hold a mortgage or other lien on any real property in Florida.  (Marquez Aff. ¶ 5.)

- Marquez does not own any personal property in Florida.  (Marquez Aff. ¶ 6.)

- Marquez has no assets in Florida.  (Marquez Aff. ¶ 7.)   In particular, Marquez is not the owner of the vessel "La Marquesita."  (Marquez Aff. ¶ 11.)

- Marquez does not operate, conduct, engage in, or carry on a business or business venture in Florida, and does not have an office or agent in Florida.  (Marquez Aff. ¶ 8.)

- Marquez does not engage in any substantial business activity in Florida whether interstate, intrastate or otherwise.  (Marquez Aff. ¶ 9.)

- Marquez is not engaged in any solicitation and procurement of business within Florida.  (Marquez Aff. ¶ 10.)

4.      The complaint does not allege any acts, transactions, or events that occurred in or have any connection with the State of Florida, or any connection or activity of either Marquez or Vitol in this state.  The complaint is between foreign nationals, both non-residents of Florida, concerning acts that occurred outside of Florida.

5.      In the absence of any allegation which would support either personal jurisdiction over Marquez, or subject matter jurisdiction, the Court must dismiss this action, pursuant to Fla. R. Civ. P. 1.140(b)(1) and (b)(2).

## II.    SERVICE OF PROCESS WAS INSUFFICIENT.

6.    Plaintiff has not served Marquez with this lawsuit, either personally or through valid substituted service.

7.    Plaintiff apparently served someone, not Marquez, who was vacationing in Florida on a vessel not owned by Marquez.

8.    Plaintiff has failed to allege any grounds for substituted service.

9.    The Court must dismiss this action pursuant to Fla. R. Civ. P. 1.140(b)(5), for insufficiency of service of process.

## III.    THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION.

10.    Vitol's one-count complaint seeks $3,750,000.00 in unliquidated damages from Marquez.  The complaint alleges that Plaintiff and Marquez entered into an agreement for Marquez's personal services in connection with negotiation of an oil contract in Venezuela with a Venezuelan oil company.   Plaintiff also alleges misrepresentations by Marquez in performance of the agreement.  Plaintiff's one-count complaint thus sounds in both tort and in contract, without stating sufficient grounds for either.

11.    The complaint fails to state a cause of action for breach of contract, and must be dismissed pursuant to Fla. R. Civ. P. 1.130 and 1.110.  Plaintiff fails to attach a copy of the alleged agreement as required under Fla. R. Civ. P. 1.130, which mandates that all contracts upon which an action is brought "shall be incorporated in or attached to the pleading." Fla. R. Civ. P. 1.130(a).  If the alleged agreement was oral, Plaintiff has failed to identify the terms of the contract as required by Fla. R. Civ. P. 1.110.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

12. Alternatively, should Plaintiff's claim be deemed to sound in tort, Plaintiff has failed to plead fraud with specificity as required by Fla. R. Civ. P. 1.120(b). Moreover, any tort claim is  barred by under the Florida economic loss rule, since Plaintiff alleges the existence of a contract. <u>See</u> <u>Casa Clara Condominium Ass'n, Inc. v. Charley Toppino & Sons, Inc.</u>, 620 So. 2d 1244, 1246 (Fla. 1993).

13. Accordingly, the Court should dismiss this action, pursuant to Fla. R. Civ. P. 1.140(b)(6), because Plaintiff's one-count complaint fails to allege any cause of action.

## IV.   THE COMPLAINT IS NOT  PROPERLY VERIFIED.

14. The complaint is not verified in accordance with Fla. Stat. § 92.525 (1995). The purported verification is based only on the affiant's "information and belief." Compl. at 3. This is improper and insufficient.

## V.   VITOL FAILED TO POST A NON-RESIDENT COST BOND.

15. Vitol has failed to file a non-resident cost bond as required under  § 57.011, Fla. Stat. ("When a nonresident plaintiff begins an action ... he or she shall file a bond with surety to be approved by the clerk of $100, conditioned to pay all costs which may be adjudged against him or her in said action in the court in which the action is brought.").

16. Vitol alleges that it is a Swiss corporation.  It is not authorized to do business in Florida and has not posted the required bond.  Vitol's complaint must therefore be dismissed.

WHEREFORE, Defendant, JOSE TRINIDAD MARQUEZ, prays for an Order

dismissing Vitol, S.A.'s complaint with prejudice, and for his costs and such other relief as

the Court deems necessary and proper.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 381-9982 Facsimile


By: _____
Maxine M. Long
Florida Bar No. 286842
René J. González-Llorens
Florida Bar Number 0053790


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent

via facsimile and regular mail this 15 day of October, 1997 to George P. Ord, Esq.,

George P. Ord, P.A., 340 Royal Palm Way, Suite 100, Palm Beach, Florida 33480, and to

Kurt E. Bosshardt, Esq., Alley, Maass, Rogers & Lindsay, P.A., 1600 SE 17th Street, Suite

404, Fort Lauderdale, FL 33146.


_____
OF COUNSEL

MIA95 171792.1 - RGL

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN   AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  97-22872 CA 11

VITOL, S.A.,
a Swiss corporation,

     Plaintiff,

v.

JOSE TRINIDAD MARQUEZ,

     Defendant.

_____/

THE ORIGINAL FILED
ON   OCT 1 6 1997
IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL.

## DEFENDANT'S MOTION TO DISSOLVE
## WRIT OF ATTACHMENT

Defendant, JOSE TRINIDAD MARQUEZ ("Marquez"), pursuant to § 76.24, Fla.

Stat., and specially appearing through undersigned counsel, moves the Court to enter an

Order dissolving the writ of attachment obtained and executed by Plaintiff VITOL, S.A.

("Plaintiff"), for the following reasons:

    (1)    Marquez does not own the property attached;

    (2)    No personal or constructive service was obtained over Marquez;

    (3)    The attachment does not involve a liquidated debt;

    (4)    Attachment may not be based on a tort claim; and

    (5)    The attachment motion was improperly verified.

This motion is made contemporaneously and in conjunction with Marquez's Motion to

Dismiss this lawsuit for lack of personal jurisdiction and other grounds.  Marquez requests

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

VITOL, S.A.

**DEFENDANTS**

JOSE TRINIDAD MARQUEZ

**97 CIV-MOORE - 3374**

MAGISTRATE JUDGE
DUBÉ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Switzerland__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A/Dade/97CV 3374/Kmm/Dube

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GEORGE P. ORD, ESQ.
340 Royal Palm Way
Palm Beach, FL 33480

**(d)** Circle County where action arose: Dade, Monroe, Broward, Martin,
Palm Beach, St. Lucie, Indian River, Okeechobee, Highlands.

ATTORNEYS (IF KNOWN)

MAXINE M. LONG, ESQ.
SHUTTS & BOWEN
201 S. Biscayne Blvd., #
Miami, FL   33131

NIGHT BOX FILED
OCT 22 1997
CARLOS JUENKE
CLERK U.S.D.C. S.D. FLA.
MIA

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.

**IVa.** __5__ days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT (A) | TORTS (A) | | FORFEITURE /PENALTY (B) | BANKRUPTCY (A) | OTHER STATUTES (A) |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS (A)** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR (A)** | **SOCIAL SECURITY (B)** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY (A)** | **CIVIL RIGHTS (A)** | **PRISONER PETITIONS (B)** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS (A)** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | * A or B | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

Appeal to District Judge from Magistrate Judgment

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 10/22/97

SIGNATURE OF ATTORNEY OF RECORD    MAXINE M. LONG

UNITED STATES DISTRICT COURT

683243 $150.
10/23/97